UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MAKARIOS AMERICANOS,

                                       Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER YADIRA RODRIGUEZ, POLICE OFFICER ALWIN RITCHIE, and JOHN/JANE DOE # 1,

                                         Defendants.

------------------------------------------------------------------------x

COMPLAINT

15 CV 393

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff Makarios Americanos' ("Mr Americanos") rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Mr. Americanos demands a trial by jury in this action.

## PARTIES

6. Mr. Americanos is a resident of the County of Kings, State of New York.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Yadira Rodriguez ("Rodriguez") was an officer, employee, and agent of Defendant City of New York.

11. At all times relevant herein, Defendant Rodriguez was acting within the scope of her employment with Defendant City of New York.

12. At all times relevant herein, Defendant Rodriguez was acting under color of state law.

13. Defendant Rodriguez is sued in her individual and official capacities.

14. At all times relevant herein, Defendant Police Officer Alwin Ritchie ("Ritchie") was an officer, employee, and agent of Defendant City of New York.

15. At all times relevant herein, Defendant Ritchie was acting within the scope of his employment with Defendant City of New York.

16. At all times relevant herein, Defendant Ritchie was acting under color of state law.

17. Defendant Ritchie is sued in his individual and official capacities.

18. At all times relevant herein, Defendant John/Jane Doe # 1 was a supervisor, officer, employee, and/or agent of Defendant City of New York.

19. At all times relevant herein, Defendant John/Jane Doe # 1 was acting within the scope of his/her employment with Defendant City of New York.

20. At all times relevant herein, Defendant John/Jane Doe # 1 was acting under color of state law.

21. Defendant John/Jane Doe # 1 is sued in his/her individual and official capacity.

22. The name John/Jane Doe # 1 is fictitious, his/her true name being unknown to Mr. Americanos at this time.

## STATEMENT OF FACTS

23. On May 5, 2014, Mr. Americanos and was lawfully present at Near the intersection of Quincy Street and Patchen Avenue, Brooklyn, New York ("Subject Location").

24. The Subject Location is near the NYPD's 81st Precinct.

25. Members of the NYPD's 81st Precinct had double-parked their vehicles along Quincy Street, a one-way street

26. As a result of the cars being double-parked, and someone opening their car door as Mr. Americanos was driving along Quincy Street, Mr. Americanos was involved in a minor car accident.

27. Mr. Americanos exited his vehicle and began talking to two officers who were at the scene of the accident, Defendants Rodriguez and John/Jane Doe # 1.

28. Defendant Ritchie approached Mr. Americanos as he was speaking to Defendants Rodriguez and John/Jane Doe # 1.

29. Mr. Americanos asked him who he was.

30. Defendant Ritchie replied that he was "a concerned citizen."

31. Mr. Americanos continued talking to Defendants Rodriguez and John/Jane Doe # 1.

32. Mr. Americanos was talking to Defendants Rodriguez and John/Jane Doe # 1, and was about to provide them with his identification, when Defendant Ritchie began grabbing Mr. Americanos' arm.

33. Mr. Americanos, not knowing who Defendant Ritchie was, pulled away.

34. Defendant Ritchie attacked Mr. Americanos, causing Mr. Americanos' right leg to twist and injure his right knee.

35. The individual defendants placed Mr. Americanos in handcuffs and arrested him.

36. The handcuffs were purposefully tightened, and Mr. Americanos yelled in pain.

37. Mr. Americanos begged the individual defendants to loosen the handcuffs, but they refused to.

38. Mr. Americanos' arrest was without probable cause.

39. The individual defendants spoke with the Kings County District Attorneys' Office, individually and collectively lying to the Kings County District Attorney's Office that Mr. Americanos and had violated New York Penal Law §§ 195.05, 205.30, and 240.20, as well as VTL § 509.1.

40. Based on these fabricated allegations, the Kings County District Attorney's Office forwarded to Defendant Rodriguez a Criminal Court Complaint.

41. The Criminal Court Complaint was reviewed and then signed by Defendant Rodriguez.

42. When reviewing and signing the Criminal Court Complaint, Defendant Rodriguez knew the allegations contained therein to be false.

43. The executed Criminal Court Complaint was then forwarded by Defendant Rodriguez to the Kings County District Attorney's Office.

44. Legal process was issued against Mr. Americanos and, and Mr. Americanos and was subsequently arraigned.

45. During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the Kings County District Attorney's Office, *inter alia*, arrest reports, complaint reports, statements, and property vouchers.

46. Mr. Americanos and suffered damage as a result of Defendants' actions. Mr. Americanos and was deprived of liberty, suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

47. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

48. Defendants, by their conduct toward Mr. Americanos as alleged herein, violated Mr. Americanos' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

49. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*False Arrest*

50. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

51. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Americanos without probable cause.

52. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## THIRD CAUSE OF ACTION
*Excessive Force*

53. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

54. The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Americanos.

55. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

56. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against Mr. Americanos.

58. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

59. In creating false evidence against Mr. Americanos, and in forwarding false evidence to prosecutors, the individual defendants violated Mr. Americanos' right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

60. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

61. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

62. The individual defendants issued and/or caused to be issued legal process to place Mr. Americanos under arrest.

63. The individual defendants arrested Mr. Americanos in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up Defendant Ritchie's assault and battery of Mr. Americanos.

64. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the Kings County District Attorney's Office and continuing to participate in the prosecution of Mr. Americanos.

65. The individual defendants acted with intent to do harm to Mr. Americanos without excuse or justification.

66. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## SIXTH CAUSE OF ACTION
*Malicious Prosecution*

67. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

68. The individual defendants initiated the criminal proceedings against Mr. Americanos by issuing and/or causing to be issued legal process against Mr. Americanos.

69. The individual defendants lacked probable cause to commence the criminal proceedings against Mr. Americanos.

70. The individual defendants' actions were motivated by actual malice.

71. The criminal proceedings were terminated in favor of Mr. Americanos.

72. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## SEVENTH CAUSE OF ACTION
*Failure to Intervene*

73. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

74. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

75. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

76. As a direct and proximate result of this unlawful conduct, Mr. Americanos sustained the damages alleged herein.

## EIGHTH CAUSE OF ACTION
*Monell*

77. Mr. Americanos repeats and re-alleges each and every allegation as if fully set forth herein.

78. This is not an isolated incident. Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Americanos.

79. Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

80. Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

81. Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. Notice was given, among other times, in the matter Savage v. The City of New York, et al., 08 CV 4690 (CPS) (SMG) filed in the United States District Court, Eastern District of New York.

82. These policies, practices, and customs were the moving force behind Mr. Americanos' injuries.

PRAYER FOR RELIEF

WHEREFORE, Mr. Americanos respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 25, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com